**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JENNA S.,**[1] | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 26 C 419** |
| **v.** | ) | |
| | ) | **Magistrate Judge** |
| **FRANK BISIGNANO,** | ) | **Daniel P. McLaughlin** |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

# MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Jenna S.'s claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion to reverse the Commissioner's decision [16] is granted, and the Commissioner's cross-motion for summary judgment [19] is denied.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by her first name and the first initial of her last name.

## BACKGROUND

### I. PROCEDURAL HISTORY

On June 21, 2023, Plaintiff filed claims for DIB and SSI, alleging disability since August 24, 2011. The claims were denied initially and upon reconsideration, after which Plaintiff timely requested a hearing before an Administrative Law Judge ("ALJ"). An online video hearing was held on July 23, 2025. Plaintiff appeared and testified at the hearing and was represented by counsel. A vocational expert ("VE") also appeared and testified telephonically. Plaintiff amended her alleged onset date to October 27, 2023.

On August 6, 2025, the ALJ denied Plaintiff's claims for benefits, finding her not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

### II. ALJ DECISION

Plaintiff's claims were analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since her amended alleged onset date of October 27, 2023. At step two, the ALJ concluded that Plaintiff had the following severe impairments: post-concussion syndrome/headaches; attention deficit hyperactivity

disorder (ADHD); bipolar disorder; major depressive MDDD; generalized anxiety disorder; post-traumatic stress disorder (PTSD); and substance use disorder. The ALJ concluded at step three that Plaintiff's impairments, alone or in combination, do not meet or medically equal any listed impairments.

Before step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels but with the following limitations: can frequently climb ladders, ropes, or scaffolds, frequently climb ramps and stairs, and frequently balance, stoop, kneel, crouch, or crawl; should avoid more than occasional exposure to pulmonary irritants such as fumes, odors, dusts, and gases; can understand, remember, and carry out simple instructions; can make simple work-related decisions; can have no interaction with the public and occasional interaction with coworkers and supervisors; is able to work in a low stress job, meaning no more than ordinary and routine changes in work setting or duties; and would be off task up to 10% of the workday. At step four, the ALJ concluded that Plaintiff would be unable to perform her past relevant work as an automobile repair service estimator or salesperson. However, at step five, based upon the VE's testimony and Plaintiff's age, education, work experience, and RFC, the ALJ found that Plaintiff can perform jobs existing in significant numbers in the national economy, leading to a finding that she is not disabled under the Social Security Act.

## DISCUSSION

### I. ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform her former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one to four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II. JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) (citations omitted).

The Seventh Circuit has made clear that ALJs are "subject to only the most minimal of articulation requirements" and "need not address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning." *Warnell v. O'Malley*, 97 F.4th 1050, 1053-54 (7th Cir. 2024) (citations omitted). All that is required is that "ALJs provide an explanation for how the evidence leads to their conclusions that is sufficient to allow

. . . a reviewing court[] to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful judicial review." *Id.* at 1054 (citations and internal quotations omitted). Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

## III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) the ALJ's step three analysis is flawed because the ALJ's assessment of pertinent listings was deficient; and (2) the ALJ did not sufficiently account for Plaintiff's need for redirection.

In advancing her first argument, Plaintiff contends that the ALJ's analysis of the "paragraph C" criteria at step three was inadequate. A claimant satisfies the paragraph C criteria if she has a medically documented history of the existence of a "serious and persistent" mental impairment over a period of at least two years and has evidence of both: (1) ongoing treatment or a highly structured setting to diminish the symptoms, and (2) marginal adjustment, meaning she has "minimal

capacity to adapt to changes in [her] environment or to demands that are not already part of [her] daily life." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00G.

Pertinent to the paragraph C criteria, the ALJ addressed Plaintiff's in-patient care in his decision, including in the following passage:

> Records note the claimant was initially enrolled Gateway for crack cocaine abuse on May 17, 2024. Records note she had been there for approximately 2 weeks, was placed on Strattera, which made her suicidal. She was then seen at the emergency room at Condell Medical Center with suicidal ideations, which she stated was due to being stressed about being homeless. She denied drug use and her toxicology screen was negative. She was later transferred to Good Samaritan Hospital where she remained from May 31, 2024 to June 8, 2024. She discharged to BRIA Lake Park Center but later signed out against medical advice (AMA). She presented to Lakeshore Behavioral June 11, 2024 with suicidal ideation precipitated by being homeless and was discharged June 19, 2024. Records note she was positive for marijuana and cocaine and was also not compliant with her medications. When seen on June 20, 2024 for WRS [Women's Residential Services] intake [at the Lake County Health Department and Community Health Center], she was referred to psychiatry. She was at WRS in June 2024-July 2024 for rehabilitation. She was at Gateway July 29, 2024 through August 14, 2024 and again August 28, 2024 to September 19, 2024. She resumed counseling/therapy at Josselyn Center with Andrew Hamlyn as well as medication monitoring.

(R. 23 (citations omitted).)

Upon her intake to WRS, Ruth Lederer, a Licensed Professional Counselor (LPC) performed a Comprehensive Assessment and opined as follows:

> The client requires structured therapy and a 24-hour programmatic milieu to promote treatment progress and recovery because motivational interventions have not succeeded at less intensive levels of care and such interventions are assessed as not likely to succeed at a less intensive level of care.

(R. 912.) Consistent with that assessment, Plaintiff had relapsed and returned to homelessness as of February 2025. (R. 1439, 1498.)

Despite the extent of Plaintiff's highly structured care and Lederer's opinion, the ALJ addressed the paragraph C criteria in only four sentences:

> The undersigned has also considered whether the "paragraph C" criteria are satisfied. In this case, the evidence fails to establish the presence of the "paragraph C" criteria. The claimant sought formalized mental health treatment and was on medication. She was able to leave the house, drive, and obtained employment (Lexus 2024, Jewel).

(R. 20.)

"In considering whether a claimant's condition meets or equals a listed impairment, an ALJ must discuss the listing by name and offer more than a perfunctory analysis of the listing." *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004) (citations omitted). With respect to paragraph C, the ALJ must reference "the paragraph C standards" and "explain her reasoning for finding that Plaintiff did not meet them." *Jacob G. v. Bisignano*, No. 25 C 12309, 2026 WL 1906916, at *4 (N.D. Ill. July 2, 2026). In this case, the Court concludes that the ALJ's analysis of the paragraph C criteria is deficient because it is perfunctory and the ALJ failed to grapple with pertinent evidence and opinions. *See id.* at *4 ("The ALJ's analysis of whether Plaintiff met the paragraph C criteria of Listing 12.04 and 12.06 was perfunctory at best, and insufficient to permit meaningful judicial review."); *Carrie K. v. O'Malley*, No. 1:23-CV-00769, 2024 WL 3581906, at *4 (N.D. Ill. July 30, 2024) ("[T]he Court cannot discern how Plaintiff did not meet the paragraph C criteria from the ALJ's single paragraph 'discussion' at step three."). The ALJ's error in that regard requires that this matter be remanded. *See Tyhowon H. v. Kijakazi*, No. 21-CV-371, 2023 WL 6623211, at *3 (N.D. Ill. Oct. 11, 2023) ("[T]he ALJ's discussion of Paragraph C is too perfunctory to be sufficient for the Court to conduct a

meaningful review. . . . As a result, a remand is necessary so the ALJ may revisit her step-three finding and sufficiently analyze the Paragraph C criteria of the mental health Listings."); *Abigail C. v. Bisignano*, No. 25-CV-50297, 2026 WL 1734904, at *3 (N.D. Ill. June 16, 2026) ("The Court finds that the ALJ provided a perfunctory analysis of the paragraph C criteria for listing 12.06 and remand is required on this issue as well."); *Williams v. Colvin*, No. 14 C 3222, 2015 WL 9460243, at *5 (N.D. Ill. Dec. 28, 2015) (remand required where ALJ "failed to meaningfully address paragraph C").

Plaintiff also argues that the ALJ did not sufficiently account for her need to be redirected when performing tasks. In support of that assertion, Plaintiff points to multiple references in the record that evidence her need for redirection, cueing, or prompting. ([16] at 10 (citing R. 730, 731, 735, 738, 739, 741, 742, 743, 744, 745, 1713).) The Court finds that the ALJ erred in not specifically addressing these notations nor explicitly evaluating the extent to which Plaintiff's RFC may require accommodations for redirection. *See Stevenson v. Berryhill*, No. 16-CV-698-JPG-CJP, 2017 WL 2812975, at *5 (S.D. Ill. June 29, 2017) ("[T]he ALJ (and the Commissioner) ignored Dr. Boeser's observation that plaintiff loses focus and required 'redirection.'"). *Cf. Angelo M. v. King*, No. 24 C 2284, 2025 WL 437922, at *3 (N.D. Ill. Feb. 7, 2025) ("[T]he Court finds that the ALJ sufficiently analyzed Plaintiff's redirection needs and her conclusions and accommodations related to that issue are supported by substantial evidence.").

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to reverse the Commissioner's decision [16] is granted, and the Commissioner's cross-motion for summary judgment [19] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**

**ENTERED:**

**DATE: November 19, 2026**

**HON. DANIEL P. McLAUGHLIN**
**United States Magistrate Judge**